IN THE CIRCUIT COURT
FOR PRINCE GEORGE'S COUNTY
MARYLAND

| | |
|---|---|
| **NEIL F. LETREN** )<br>105 E. Mill Avenue )<br>Capital Heights, MD 20743 )<br> )<br>*Individually and on* )<br>*Behalf of a Class of* )<br>*Persons Similarly Situated* )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>**DIVINE & SERVICE LTD** )<br>Serve: Corporation Trust Incorporated )<br>351 West Camden Street )<br>Baltimore, MD 21201 )<br> )<br>Defendant. ) | Civil Action No. CAL16-32125 |

## CLASS ACTION COMPLAINT AND JURY DEMAND

The Plaintiff Neil F. Letren, individually and on behalf of all those similarly situated, states the following claims for relief against the defendant Divine & Service LTD ("D&S") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to 15 U.S.C. §1692 et seq. (Fair Debt Collection Practices Act or "FDCPA"), 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act or "FCRA") and the common law tort of defamation.

### PARTIES

2. The Plaintiff, Neil F. Letren, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

1

3. Defendant D&S is a debt receivables management company that provides a variety of collection services, including credit investigation and reporting services.

## FACTS

4. On May 31, 2016 Trans Union, LLC issued a credit report, which reported that Mr. Letren had an collection account with D&S.

5. The D&S collection account indicated Mr. Letren owed $339 for personal service from Envoy Air Inc.

6. Mr. Letren never had any dealings with Envoy Air Inc., much less did he incur a $339 debt with Envoy Air Inc.

7. According to the Trans Union credit report, D&S began collection activity on the account on December 23, 2015.

8. D&S' reporting to Trans Union, albeit indirectly, was its initial communication to the Plaintiff.

9. D&S did not provide any of the required disclosures required under the FDCPA at 15 U.S.C. §1692g within five days of an initial communication with a debtor.

10. Had D&S sent a dunning letter including the required disclosure that Plaintiff could dispute the debt and request validation of the debt, Mr. Letren could have addressed this erroneous collection account and prevented it from damaging his credit report.

11. On or about June 13, 2016 Mr. Letren sent Trans Union a letter disputing that the D&S collection account belonged to him.

12. Upon information and belief Trans Union forwarded notice of Plaintiff's dispute, via an automated consumer verification dispute ("ACDV") form, to D&S.

13. Plaintiff believes that discovery will reveal that D&S' response to Trans Union's ACDV was insufficient to comply with D&S' obligations under 15 U.S.C. §1681s-2(b).

14. Although the D&S collection account was deleted from his Trans Union report, it was not the result of a suitable response from D&S.

15. Upon information and belief Trans Union deleted the D&S collection account only after D&S failed to respond to Trans Union's ACDV or Trans Union deleted the collection despite of D&S' instructions to continue reporting the collection account.

16. D&S knew prior to receiving the ACDV, and certainly after receiving the ACDV, that Mr. Letren owed *no* money to it or Envoy Air Inc.

17. Under the FCRA, 15 U.S.C. §1681s-2(b) D&S was required to conduct a careful inquiry of Plaintiff's dispute and report back the results of its findings to Trans Union.

18. Had D&S performed its statutory duties and conducted a thorough, careful review of Plaintiff's dispute, then it would have instructed Trans Union to delete the collection account.

19. Either D&S did not conduct a reasonable investigation or it failed to *accurately* report the results of its investigation to Trans Union.

20. D&S intentionally failed to conduct a reasonable investigation or report the investigation results in an effort to keep the collection account on Letren's credit report as tactic to coercing Letren into paying the false debt.

21. As a result of D&S inaccurate reporting and failure to investigate Plaintiff's dispute, the D&S collection account was still on his Trans Union report, on June 21, 2016, when LoanDepot pulled his report in connection with an application for a mortgage loan.

22. If D&S had timely reported to Trans Union that the collection account was not the Plaintiff's, then the derogatory collection account would not have affected Plaintiff's credit application with LoanDepot on June 21, 2016.

23. The LoanDepot representative indicated that the D&S collection account had a negative effect on his credit report and was preventing him from obtaining better loan terms.

### COUNT ONE: VIOLATIONS OF FDCPA
### (Individual Claim - 15 U.S.C. 1692e)

24. Plaintiff incorporates paragraphs 1 through 23.

25. Defendant D&S violated 15 U.S.C. §1692e(2)&(10) by attempting to collect a debt by falsely claiming Plaintiff owed a debt to Air Power Inc.

26. Defendant D&S violated 15 U.S.C. §1692e(2) by falsely claiming Plaintiff owed $399 to D&S for a related debt with Air Power Inc.

27. Defendant D&S violated 15 U.S.C. §1692e(8) by communicating information to a third party, including Trans Union, that was known to be false.

28. As a result of the conduct, actions and inactions of D&S, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, fear, embarrassment, humiliation, frustration, anger, headaches, sleeplessness, severe emotional and mental distress.

29. D&S's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant D&S liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

### COUNT TWO: VIOLATIONS OF FDCPA
### (Class Claim - 15 U.S.C. 1692g)

30. Plaintiff incorporates paragraphs 1 through 23.

31. Defendant D&S further violated 15 U.S.C. §1692g by failing to notify Plaintiff and the class of their rights to dispute the debt and failing to disclose certain statutorily required information regarding the debt in which they were entitled to receive under §1692g

within five days of D&S's initial communication, indirectly via Trans Union, with the Plaintiff and the class.

32. 15 U.S.C. §1692g(a) provides that

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### Class Allegations

33. Plaintiff bring this action for himself and on behalf of the class, pursuant to Maryland Rule 2-231(a)&(b)(3).

34. The class consists of (a) all individuals (b) within one year of the filing of this action (c) that had a collection account reported by D&S to their Trans Union credit report and (d) who did not receive a communication from D&S notifying them of their rights to dispute the debt and request certain information about the debt.

35. The members of the class are so numerous that joinder of all is not practicable.

36. On information and belief, there are at least 40 individuals within the class.

37. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether D&S reports debts to CRAs before directly communicating with debtors;

    b. Whether D&S provides required disclosures to debtors within five days of reporting debts to CRAs; and

    c. Whether such practice violates the FDCPA.

38. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the class members. Plaintiff will retain competent and experienced counsel.

40. A class action is superior for the fair and efficient adjudication of this matter, in that: (a) Individual actions are not economically feasible; (b) Members of the class are likely to be unaware of their rights; and (c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

41. D&S failed to provide Mr. Letren and the class members the notifications, information and disclosures required by the FDCPA, 15 U.S.C. §1692g(a), within the required statutory time period.

42. Mr. Letren and the class members have suffered damages as a result of D&S' violation(s) of the FDCPA.

43. Mr. Letren and the class members are entitled to statutory and actual damages as a result of D&S' violation(s) of the FDCPA.

## COUNT THREE: VIOLATION(S) OF FCRA

44. Plaintiff incorporates paragraphs 1 through 23.

45. Defendants D&S violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(A)-(E) by failing to fully and properly respond to the Plaintiff's disputes.

46. Defendant D&S's conduct, actions and inactions were willful, rendering Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n.

47. Plaintiff is entitled to recover punitive damages, statutory damages, costs and attorney's fees from Defendant D&S in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## COUNT FOUR: DEFAMATION

48. Plaintiff incorporates paragraphs 44 through 47.

49. Defendant intentionally and maliciously made false statements publically about Plaintiff's credit history. Defendant made false statements to Trans Union with the knowledge that Trans Union would provide those false statements to creditors or potential creditors of Plaintiff.

50. Defendant knows, or should know, that Plaintiff never had a debt with Air Power Inc. Despite having no documentation to verify Plaintiff owed the debt to Air Power Inc., D&S reported to Trans Union that Plaintiff had a collection account.[1] The statements were defamatory in tending to injure the Plaintiff's credit profile and credit reputation in the financial community, as it impugns him to be financially irresponsible when Plaintiff, in fact, had no obligation to pay the Defendant D&S.

---

[1] Mr. Letren contacted D&S to dispute the debt and the D&S representatives stated it had little to no information on the debt.

51. In its publications and/or reportings to Trans Union, Defendant D&S knowingly made the aforementioned false and defamatory statements about Plaintiff as a collection tactic to coerce Plaintiff into paying D&S the false debt.

52. Defendant D&S published this false and defamatory statements to Trans Union, who reasonably understood and interpreted this publication to be defamatory.

53. Defendant D&S knew Trans Union would publish this false and defamatory publication to other creditors and users or viewers of Plaintiff's credit report.

54. Defendant D&S acted with knowledge of the falsity of the statements and with the intent to frustrate and break the will of the Plaintiff. D&S intended to harm the Plaintiff's chances of obtaining credit when instructing Trans Union to report the erroneous and derogatory credit information about the Plaintiff.

55. Defendant D&S' false statements were published without a privilege.

56. As a result of the false and defamatory statements published by Defendant D&S, the character and financial reputation of the Plaintiff was harmed, his standing and reputation in the financial and credit community was impaired, and he suffered mental anguish as result.

57. As a direct and proximate result of the false and defamatory credit reporting published by Defendant D&S, Plaintiff's credit score and credit profile was injured, thereby suffering a loss of prospective credit.

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

## DEMAND FOR TRIAL BY JURY

58. Plaintiff hereby demands a trial by jury on all issues so triable.

                                        Respectfully submitted,

                                        NEIL F. LETREN

                                        _____

                                        Neil F. Letren
                                        105 E. Mill Avenue
                                        Capital Heights, MD 20743
                                        Tel: (240) 838-6601
                                        E-mail: neilletren@msn.com
                                        *Pro Se Plaintiff*