IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| NEIL F. LETREN<br>*Individually and on Behalf of a Class<br>of Persons Similarly Situated*<br><br>Plaintiffs<br><br>v.<br><br>DIVINE & SERVICE, LTD<br><br>Defendant | CASE NO. 8:16-cv-03504-PJM |

**DEFENDANT DIVINE & SERVICE, LTD.'S ORIGINAL ANSWER**

COMES NOW, DIVINE & SERVICE, LTD., Defendant, and files this Original Answer to Plaintiff Neil F. Letren's Class Action Complaint and Jury Demand.

### I. Admissions & Denials

In response to the specific paragraphs of Plaintiff Neil F. Letren's Class Action Complaint and Jury Demand (the "Complaint"), Defendant Divine & Service, Ltd. ("Defendant") submits the following:

1. Paragraph 1 of the Complaint states opinions and contains statements that are conclusory in nature and, therefore, no response is required. In further response, paragraph 1 asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 1, they are denied.

2. Paragraph 2 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations

in paragraph 2, Defendant admits that Neil F. Letren is a natural person and denies all other factual allegations.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies same.

5. Defendant denies that the account was in the amount of $339 because it was in the amount of $339.84. Defendant admits the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, therefore, denies same. In further response, at the time of the report, Defendant believed that Plaintiff had a debt with Envoy Air Inc. in the amount of $339.84. To the extent not admitted, the allegations in paragraph 6 are denied.

7. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, therefore, denies same.

8. Paragraph 8 of the Complaint asserts a legal conclusion and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 8, they are denied.

9. Paragraph 9 of the Complaint asserts a legal conclusion and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 9, they are denied.

10. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies same.

11. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies same.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant is without sufficient knowledge and information to form a belief as to the truth of what Plaintiff "believes" and, therefore, denies same. Defendant denies the remaining allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant is without sufficient knowledge and information to form a belief as to the truth of what Plaintiff "believes," as alleged in paragraph 15 of the Complaint and, therefore, denies same.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 17, they are denied.

18. Paragraph 18 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 18, they are denied.

19. Paragraph 19 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 19, they are denied.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies that it inaccurately reported Plaintiff's credit information, or that it failed to conduct an investigation into Plaintiff's dispute. Defendant is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint and, therefore, denies same.

22. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and, therefore, denies same.

23. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and, therefore, denies same.

## COUNT ONE: ALLEGED VIOLATION OF FDCPA
### (Individual Claim – 15 U.S.C. § 1692e)

24. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

## COUNT TWO: ALLEGED VIOLATION OF FDCPA
### (Class Claim – 15 U.S.C. § 1692g)

30. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 32, they are denied.

33. Paragraph 33 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 33, they are denied.

34. Paragraph 34 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 34, they are denied.

35. Paragraph 35 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 35, they are denied.

36. Paragraph 36 of the Complaint states opinions and contains statements that are conclusory in nature and, therefore, no response is required. In further response, paragraph 36 asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 36, they are denied.

37. Paragraph 37 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 37, they are denied.

38. Paragraph 38 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 38, they are denied.

39. Paragraph 39 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 39, they are denied.

40. Paragraph 40 of the Complaint asserts legal conclusions and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 40, they are denied.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

## COUNT THREE: ALLEGED VIOLATION(S) OF FCRA

44. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

## COUNT FOUR: DEFAMATION

48. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. The first sentence of paragraph 50 states opinions and contains statements that are conclusory in nature and, therefore, no response is required. Defendant denies the remaining allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint asserts a legal conclusion and, thus, Defendant is under no obligation to admit or deny the allegations therein. To the extent there are any factual allegations in paragraph 55, they are denied.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint is a Demand for Jury Trial. Defendant is under no obligation to admit or deny Plaintiff's request for a jury trial.

## II. Affirmative Defenses

1. To the extent that Plaintiff is able to establish any alleged violations of the Fair Debt Collection Practices Act, Defendant shall show, pursuant to 15 U.S.C. 1692k(c) that any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2. Plaintiff has no cause of action for violation of 15 U.S.C. 1681s-2(b) because Defendant conducted a reasonable investigation into any dispute by Plaintiff of his credit report.

3. To the extent Plaintiff has suffered or will suffer any damages, such damages were caused, in whole or in part, by the actions or omissions of other persons or entities over which Defendant has no control and for which Defendant is not liable, including, but not limited to, consumer reporting agencies. In the event any fault of Defendant is found to have caused or contributed to cause any damages to Plaintiff, any recovery against Defendant must be reduced and limited by the comparative fault of such persons or entities.

4. Plaintiff's claim for defamation is preempted by the Fair Credit Reporting Act.

5. Plaintiff's claim under the 15 U.S.C. 1692e is precluded by 15 U.S.C. 1681s-2(a).

6. The Fair Credit Reporting Act expressly bars individuals from bringing a private cause of action against a furnisher for providing inaccurate or incomplete information to a consumer reporting agency. See 15 U.S.C. 1681s-2(c)-(d).

7. Plaintiff has no cause of action for violation of 15 U.S.C. 1681s-2(b) because

Defendant did not receive notice of a dispute pursuant to Section 1681i(a)(2).

8. Defendant has insufficient information or knowledge upon which to form a belief as to whether it may have additional affirmative defenses available and reserves the right to assert any such affirmative defenses in the event that discovery indicates they are proper.

WHEREFORE, premises considered, Defendant respectfully requests that this Court deny Plaintiff's claims against Defendant, enter judgment in favor of Defendant and against Plaintiff, and grant such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        MILES & STOCKBRIDGE, P.C.

        By:    /s/_____
               Brian L. Moffet
               Federal Bar Number 13821
               100 Light Street
               Baltimore, Maryland 21202-1153
               (410) 727-6464 ~ Telephone
               (410) 773-9138 ~ Facsimile
               bmoffet@milesstockbridge.com

               ATTORNEY FOR DEFENDANT
               DIVINE & SERVICE, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th date of October, 2016, I sent a true and correct copy of the foregoing Answer via first-class mail, postage prepaid, and e-mail, to:

Neil F. Letren
105 E. Mill Avenue
Capital Heights, Maryland 20743
NeilLetren@msn.com

                                                      /s/
                                         Brian L. Moffet